IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

ALEXANDER M. BROWN,

      Plaintiff,

v.                                                     Civil Action No. __2:23-cv-194_____

THE OFFICE OF THE PROSECUTING
ATTORNEY FOR KANAWHA
COUNTY, WEST VIRGINIA; THE
CITY OF CHARLESTON, a municipal corporation;
D.J. BARNETTE, a police officer for the City of Charleston;
JOHN DOE #1, a police officer for the City of Charleston;
JOHN DOE #2, a police officer for the City of Charleston;
JOHN DOE #3, an employee or elected official of the Kanawha
County Prosecutor's Office; and JOHN DOE #4, an employee or
elected official of the Kanawha County Prosecutor's Office,

      Defendants.

---

## COMPLAINT

---

1.     Plaintiff Alexander M. Brown brings this 42 U.S.C. § 1983 civil rights action to redress the unconstitutional application of the West Virginia Contraband Forfeiture Act, W.Va. Code Section 60A-7-701, et seq., ("the Act") to him and to prevent these facially unconstitutional laws from being applied against him and others in the future. Plaintiff specifically alleges that his rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and under Article III, Sections 3, 5, 6 and 10 of the West Virginia Constitution were violated by the defendants.

1

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over the subject matter of this Complaint under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution and 28 U.S.C. § 1331 (federal question) and § 1343(a) (civil rights) and for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.  Jurisdiction for Plaintiff's state claims are based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3.      Venue is proper in this District under 28 U.S.C. §§ 1391 and 1402(b) because the acts at issue in this lawsuit occurred within the District.

**PARTIES**

4.      Alexander M. Brown is currently a resident of the State of Georgia.

5.      The Office of the Prosecuting Attorney for Kanawha County is a local governmental entity authorized to enforce criminal laws in Kanawha County, West Virginia, and was, at all times relevant herein, the public employer for the defendants John Doe #3-4.

6.      The City of Charleston is a municipality in Kanawha County, West Virginia and was, at all times relevant herein, the public employer for the defendants D.J. Barnette and John Doe #1-2.

7.      D.J. Barnette, upon information and belief, is a police officer for the City of Charleston, and at all times relevant to this Complaint was acting under the color of the law and within the scope of his employment.  D.J. Barnette is sued in his individual capacity and as an agent/representative of the City of Charleston.

8.      The defendants, John Doe #1-2, were employed by the City of Charleston as police officers and were at all times relevant herein acting under the color of the law and within the scope

2

of their employment.  The defendants, John Doe #1-2, are sued in their individual capacities and as agents/representatives of the City of Charleston.

9.      The defendants, John Doe #3-4, were employees or elected officials of The Office of the Prosecuting Attorney for Kanawha County and were at all times relevant herein acting under the color of the law and within the scope of their employment or agency.  The defendants, John Doe #3-4, are sued in their individual capacities and as agents/representatives of The Office of the Prosecuting Attorney for Kanawha County.

**FACTS**

10.     Under an increasingly scrutinized legal device called civil forfeiture, prosecutors and law enforcement officers in the State of West Virginia (and specifically Kanawha County) have been confiscating cash and property from citizens under the fiction that the cash and property itself (rather than the property owner) is "guilty" of a crime.

11.     Reliance on this legal fiction has allowed courts to dispense with the normal safeguards that would prevent the government from taking the property of its citizens, often when they have not been convicted of wrongdoing, because this legal fiction affects the burden of proof and the rights to counsel and a jury trial.  Leonard v. Texas, 197 L. Ed. 2d 474, 137 S. Ct. 847, (Mem)–848 (2017).

12.     To compound the problem, West Virginia's civil asset forfeiture laws provide an unconstitutional financial incentive for both the prosecutors and law enforcement officers in Kanawha County.

13.     If a forfeiture action is successful, ten percent of the proceeds are tendered to the office of the prosecuting attorney who initiated the forfeiture proceeding and the remaining ninety percent is deposited in a special law-enforcement investigation fund which is administered by the

chief of the law-enforcement agency that seized the forfeited property.  W.Va. Code §60A-7-706. This creates a perverse financial incentive for prosecutors and law enforcement officers to seize and forfeit as much cash as possible with no regard to constitutional limitations placed on such seizures.

14.     Even when the property and the owner of the property have no connection to activity controlled by the act, such as in the present case, the prosecutor or law enforcement officer initiates forfeiture proceedings.

15.     Defendants seize much of this cash and property, as is the case with Mr. Brown, without concern for the constitutional constraints placed on them by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and Article III, Sections 3, 5 and 10 of the West Virginia Constitution.

16.     On or about March 9, 2021, Plaintiff Alexander M. Brown was arrested in Kanawha County, West Virginia by City of Charleston police officers, and charged with second degree robbery.

17.     Immediately after his arrest, approximately $7,800.00 cash was taken from Mr. Brown by City of Charleston police officers, including Defendant Barnette and John Doe #1-2, and given to the Kanawha County Prosecutor's Office, including John Doe #3-4.  A vehicle was also taken from Plaintiff Alexander M. Brown by the City of Charleston.

18.     The defendants filled out an "Administrative Forfeiture Notice" on March 9, 2021. (*See* Exhibit #1, Administrative Forfeiture Notice).

19.     The defendants did not list the amount of money they seized from Mr. Brown on the "Administrative Forfeiture Notice".  Instead, they wrote "US Currency".  (*See* Exhibit #1).

4

20.     Because the defendants did not list the amount of money they seized from Mr. Brown on the "Administrative Forfeiture Notice", it was impossible to determine how much of Mr. Brown's property the defendants claimed was subject to forfeiture.

21.     The defendants did not list the vehicle they seized from Mr. Brown on the "Administrative Forfeiture Notice". (*See* Exhibit #1).  Accordingly, it was impossible to determine that the defendants claimed that the vehicle was subject to forfeiture.

22.     Mr. Brown did not sign the aforementioned "Administrative Forfeiture Notice". (*See* Exhibit #1).

23.     Upon information and belief, the defendants take the position that the "Administrative Forfeiture Notice" was provided to Mr. Brown on March 9, 2021, as part of his arrest.

24.     Mr. Brown made an initial appearance in Kanawha County Magistrate Court for the aforementioned charge on March 9, 2021.

25.     The aforementioned case was assigned Case No.: 21-M20F-00340.

26.     Mr. Brown's bond was set at $5,000.00 cash by Kanawha County Magistrate Mike Sisson on March 9, 2021.

27.     Because his $7,800.00 in cash had been previously seized by the defendants, Mr. Brown was unable to post bond and was remanded to the South Central Regional Jail on March 9, 2021.

28.     On March 19, 2021, Mr. Brown's bond was changed to $5,000.00 or 10%, meaning he could post bond by producing $500.00, which he did soon thereafter.

29.     After Mr. Brown's release on bond he immediately attempted to obtain his personal property from the Kanawha County Prosecutor's Office, the City of Charleston and/or John Doe #1-4.

30.     Mr. Brown was informed that the person handling the matter was "on vacation". Accordingly, Mr. Brown was unable to retrieve his property.

31.     Subsequently, other individuals acting on behalf of Mr. Brown attempted to obtain his property from the Kanawha County Prosecutor's Office, the City of Charleston and/or John Doe #1-4.  Their efforts were unsuccessful.

32.     The above-described attempts by the Plaintiff and others to obtain the Plaintiff's property from the Kanawha County Prosecutor's Office, the City of Charleston and/or John Doe #1-4, occurred within thirty days of the creation of the "Administrative Forfeiture Notice".

33.     The attempts by Mr. Brown and others acting on his behalf to obtain his property from defendants put defendants on notice that the Plaintiff contested the forfeiture of his property.

34.     Subsequently, Mr. Brown again attempted to retrieve his confiscated property.

35.     The Kanawha County Prosecutor's Office (including John Doe #3-4) informed Mr. Brown that he had waived all rights to his property.

36.     On April 12, 2022, the above-referenced charges against Mr. Brown were dismissed by the Circuit Court of Kanawha County, West Virginia (Case No. 21-B-197) (Judge Louis H. Bloom).  (*See* Exhibit #2, Order).  Additionally, the Circuit Court ordered the bond to be released.  *Id.*

37.     Accordingly, Mr. Brown was not ordered to pay any fine as a result of being charged with second degree robbery.

38.     The defendants seized Mr. Brown's money despite the fact that it was not subject to forfeiture because, among other things, there was no allegation that the money was furnished or intended to be furnished by any person in exchange for a controlled substance.

39.     The defendants seized Mr. Brown's vehicle despite the fact that it was not subject to forfeiture because, among other things, there was no allegation that the vehicle was used (or was intended to be used) relating to the transportation, sale, receipt, possession or concealment of a controlled substance, raw material or tax-not-paid tobacco product within the meaning of the Act.

40.     The defendants did not have probable cause to seize Mr. Brown's property.

41.     The $7,800.00 of cash belonging to Mr. Brown was not "forfeitable money" under the Act.

42.     The vehicle seized by the defendants was not a "forfeitable conveyance" under the Act.

43.     Upon information and belief, the procedures employed by the defendants to provide alleged notice to Mr. Brown of the forfeiture of his property are standard operating policies and procedures of the defendants used on other citizens both before and after their alleged use with Mr. Brown.

44.     The procedures employed by the defendants to provide alleged notice to Mr. Brown and other citizens of the forfeiture of property are calculated by the defendants to cause Mr. Brown and other citizens to inadvertently waive their rights to their property.

45.     With respect to each of the actions described above the defendants were acting pursuant to a policy, regulation or decision adopted officially and/or informally by the Kanawha

County Prosecutor's Office.  *See* <u>Monell v. New York City Dept. of Social Servs.</u>, 436 U.S. 658 (1978).

46.     With respect to each of the actions described above the defendants were acting pursuant to a policy, regulation or decision adopted officially and/or informally by the City of Charleston.  *See* <u>Monell</u>, 436 U.S. 658.

47.     The Kanawha County Prosecutor's Office is liable for the actions of its agents/representatives in this matter pursuant to the doctrine of respondeat superior.

48.     The City of Charleston is liable for the actions of its agents/representatives in this matter pursuant to the doctrine of respondeat superior.

49.     At no time did the defendants attempt to determine whether the forfeiture of Mr. Brown's property was excessive relative the offense/alleged offense.

50.     The amount of the forfeiture of Mr. Brown's property was grossly disproportionate to the offense/alleged offense.

51.     Upon information and belief, the elected officials and/or employees of the City of Charleston benefit financially, either directly or indirectly, from civil forfeitures.

52.     Upon information and belief, the elected officials and/or employees of the Office of the Prosecuting Attorney for Kanawha County benefit financially, either directly or indirectly, from civil forfeitures.

**<u>FIRST CAUSE OF ACTION</u>**

(42 U.S.C. § 1983 – Unlawful Seizure of Plaintiff's Property)

53.     The defendants, while acting under the color of law, violated the plaintiff's constitutional rights.

54.    The actions of the defendants violated the constitutional rights guaranteed to the Plaintiff under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution as well as Article III, Sections 3, 5, 6 and 10 of the West Virginia Constitution.

55.    The actions of the defendants were not taken in good faith and were in violation of clearly established law.

56.    The defendants violated the plaintiff's constitutional rights, as described and identified herein, by their unlawful seizure of the Plaintiff's property.

57.    The defendants' seizure of Plaintiff's property without any evidence or probable cause that the property was used in such a way as to make it forfeitable was not reasonable.

58.    The defendants' continued retention of Plaintiff's property in the face of demands for its return without evidence or probable cause that the property was used in or derived from activity subjecting it to forfeit was not reasonable.

59.    The defendants' policy of seizing and retaining funds for forfeiture under the West Virginia Contraband Forfeiture Act without any evidence or probable cause that the property was used in such a way as to make it forfeitable was not reasonable.

60.    The aforementioned actions violate 42 U.S.C. § 1983.

61.    Defendants' actions violated Plaintiff's clearly established constitutional rights under the Fourth Amendment to the United States Constitution and Article III, Section 6 of the West Virginia Constitution.

63.    As a direct and proximate result of the defendants' unconstitutional actions, the Plaintiff has suffered damages and seeks to recover those damages in an amount to be determined by the jury to compensate him for:

      A.    Loss of property;

9

B.     Loss of use of property;

C.     Any and all economic injury resulting from the defendants' conduct;

D.     Indignity, embarrassment, humiliation, annoyance, inconvenience, and degradation; and

E.     All other injuries proven by a preponderance of the evidence proximately caused by the defendants.

64.     In addition to these compensatory damages, the Plaintiff also seeks to recover, under 42 U.S.C. §1988, the attorney fees and costs incurred during the course of this litigation.

65.     In an effort to prevent other similarly situated individuals from suffering the same violation of their constitutional rights, the Plaintiff further seeks to have the Court order the defendants to: 1) undergo additional training and education addressing the defendants' practice of unlawful seizure; 2) develop policies to preclude such actions in the future; and 3) implement discipline against the defendants to hold them accountable for their wrongful actions.

66.     The defendants' actions were reprehensible, willful, wanton, malicious, and/or undertaken with blatant and intentional disregard of the rights owed to the Plaintiff, thereby entitling the Plaintiff to punitive damages in an amount to be determined by the jury.

## SECOND CAUSE OF ACTION

(42 U.S.C. § 1983 – Excessive Fine)

67.     The defendants, while acting under the color of law, violated the plaintiff's constitutional rights.

68.     The actions of the defendants violated the constitutional rights guaranteed to the Plaintiff under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution as well as Article III, Sections 3, 5, 6 and 10 of the West Virginia Constitution.

10

69.    The actions of the defendants were not taken in good faith and were in violation of clearly established law.

70.    The defendants violated the plaintiff's constitutional rights, as described and identified herein, by levying an excessive fine (forfeiture) against the Plaintiff.

71.    The amount of the forfeiture of the Plaintiff's property, given all of the circumstances as described above, was grossly disproportionate to the offense/alleged offense.

72.    The amount of the forfeiture of the Plaintiff's property, given all of the circumstances as described above, was not proportionate to the character and degree of the offense/alleged offense.

73.    The defendants' policy of seizing and retaining funds for forfeiture under the West Virginia Contraband Forfeiture Act without any attempt to determine whether the forfeiture of the property was excessive relative the offense/alleged offense is unreasonable.

74.    The aforementioned actions violate 42 U.S.C. § 1983.

75.    Defendants' actions violated Plaintiff's clearly established constitutional rights under the Eighth Amendment to the United States Constitution and Article III, Section 5 of the West Virginia Constitution.

76.    As a direct and proximate result of the defendants' unconstitutional actions, the Plaintiff has suffered damages and seeks to recover those damages in an amount to be determined by the jury to compensate him for:

   A.    Loss of property;

   B.    Loss of use of property;

   C.    Any and all economic injury resulting from the defendants' conduct;

11

D.      Indignity, embarrassment, humiliation, annoyance, inconvenience, and degradation; and

E.      All other injuries proven by a preponderance of the evidence proximately caused by the defendants.

77.     In addition to these compensatory damages, the Plaintiff also seeks to recover, under 42 U.S.C. §1988, the attorney fees and costs incurred during the course of this litigation.

78.     In an effort to prevent other similarly situated individuals from suffering the same violation of their constitutional rights, the Plaintiff further seeks to have the Court order the defendants to: 1) undergo additional training and education addressing the defendants' practice of unlawful seizure; 2)  develop policies to preclude such actions in the future; and 3) implement discipline against the defendants to hold them accountable for their wrongful actions.

79.     The defendants' actions were reprehensible, willful, wanton, malicious, and/or undertaken with blatant and intentional disregard of the rights owed to the Plaintiff, thereby entitling the Plaintiff to punitive damages in an amount to be determined by the jury.

### THIRD CAUSE OF ACTION

(42 U.S.C. § 1983 – Failure to Provide Due Process As Applied)

(Failure to Provide Due Process – Facial Challenge)

80.     The defendants, while acting under the color of law, violated the plaintiff's constitutional rights.

81.     The actions of the defendants violated the constitutional rights guaranteed to the Plaintiff under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution as well as Article III, Sections 3, 5, 6 and 10 of the West Virginia Constitution.

82.     The actions of the defendants were not taken in good faith and were in violation of clearly established law.

83.     The Due Process Clause of the Fourteenth Amendment and Article III, Section 10 of the West Virginia Constitution guarantee a right to a meaningful post-deprivation hearing to challenge the seizure of property.  The post-deprivation procedures provided by the defendants to the Plaintiff in this case fall short of this requirement.

84.     The procedures employed by the defendants to provide alleged notice to Mr. Brown and other citizens of the forfeiture of property are calculated by the defendants to cause Mr. Brown and other citizens to inadvertently waive their rights to their property.

85.     It is a fundamental tenet of due process that a person is entitled "to an impartial and disinterested tribunal in both civil and criminal cases." Marshall v. Jerrico, Inc., 446 U.S. 238, 242 (1980). This neutrality requirement "safeguards the two central concerns of procedural due process, the prevention of unjustified or mistaken deprivations and the promotion of participation and dialogue by affected individuals in the decision-making process." *Id.*

86.     The defendants' procedures deny property owners access to a neutral tribunal.

87.     The defendants' policy and practice of retaining forfeited funds injects a personal and institutional interest, financial and otherwise, into enforcing civil forfeiture that brings irrelevant and impermissible facts into the investigative and prosecutorial decision-making process and thereby creates actual bias, the potential for bias, and/or the appearance of bias.

88.     Upon information and belief, defendants had a direct and/or indirect financial incentive in the forfeiture of Plaintiff's property because of the prospect of both economic and/or institutional gain.

89.     The financial stake that the defendants had in the seizure and retention of the Plaintiff's property posed a conflict of interest, the potential for bias, and the appearance of bias that violated the Plaintiff's right to a fair and impartial administration of justice guaranteed by the Due Process Clause.

90.     The failure of the defendants to provide for any judicial review of "Administrative Forfeitures" prior or subsequent to the seizure violates the Due Process Clause.

91.     The forfeiture of the Plaintiff's property without a hearing violates the Due Process Clause.

92.     The forfeiture of the Plaintiff's property without a receiving notice of a hearing (or proper notice of a hearing) violates the Due Process Clause.

93.     The failure of the defendants to provide a proper description of the property seized violates the Due Process Clause.

94.     The failure of the defendants to file and properly serve a petition for forfeiture (as opposed to an "Administrative Forfeiture Notice") violates the West Virginia Contraband Forfeiture Act and the Due Process Clause.

95.     The use of an "Administrative Forfeiture" improperly places the burden on the property owner to assert his rights to his property, as opposed to placing the burden on the party seeking forfeiture to prove its entitlement.

96.     Under the procedures employed by the defendants, the use of an "Administrative Forfeiture" improperly places the burden on the property owner to defend his right to his property immediately after he is arrested, had his money and his liberty taken away.  The timing of this procedure unlawfully increases the likelihood of a forfeiture without a hearing or due process.

97.     The aforementioned actions violate 42 U.S.C. § 1983.

98.     Defendants' actions violated Plaintiff's clearly established constitutional rights under the Fourteenth Amendment to the United States Constitution and Article III, Section 10 of the West Virginia Constitution.

99.     As a direct and proximate result of the defendants' unconstitutional actions, the Plaintiff has suffered damages and seeks to recover those damages in an amount to be determined by the jury to compensate him for:

A.      Loss of property;

B.      Loss of use of property;

C.      Any and all economic injury resulting from the defendants' conduct;

D.      Indignity, embarrassment, humiliation, annoyance, inconvenience, and degradation; and

E.      All other injuries proven by a preponderance of the evidence proximately caused by the defendants.

100.    In addition to these compensatory damages, the Plaintiff also seeks to recover, under 42 U.S.C. §1988, the attorney fees and costs incurred during the course of this litigation.

101.    In an effort to prevent other similarly situated individuals from suffering the same violation of their constitutional rights, the Plaintiff further seeks to have the Court order the defendants to: 1) undergo additional training and education addressing the defendants' practice of unlawful seizure; 2)  develop policies to preclude such actions in the future; and 3) implement discipline against the defendants to hold them accountable for their wrongful actions.

102.    The defendants' actions were reprehensible, willful, wanton, malicious, and/or undertaken with blatant and intentional disregard of the rights owed to the Plaintiff, thereby entitling the Plaintiff to punitive damages in an amount to be determined by the jury.

## FOURTH CAUSE OF ACTION

### (State Constitutional Violations)

103.    This cause of action alleges a constitutional tort action under the West Virginia Constitution, pursuant to the common law of West Virginia, and specifically is not filed pursuant to 42 U.S.C. §1983 or any other federal statute.

104.    The actions of the defendants violated the constitutional rights guaranteed to the plaintiff under Article III, Sections 3, 5, 6 and 10 of the West Virginia Constitution.

105.    The actions of the defendants also violated the constitutional rights guaranteed to the plaintiff under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

106.    The actions of the defendants were not taken in good faith and were in violation of clearly established law.

107.    The defendants violated the plaintiff's constitutional rights, as described and identified herein, when it assessed an excessive fine against the Plaintiff, unlawfully seized his property and failed to provide him due process, all as described more thoroughly in the preceding sections.

108.    As a direct and proximate result of the defendants' unconstitutional actions, the Plaintiff has suffered damages and seeks to recover those damages in an amount to be determined by the jury to compensate him for:

      A.    Loss of property;

      B.    Loss of use of property;

      C.    Any and all economic injury resulting from the defendants' conduct;

16

D.    Indignity, embarrassment, humiliation, annoyance, inconvenience, and degradation; and

E.    All other injuries proven by a preponderance of the evidence proximately caused by the defendants.

109.    In addition to these compensatory damages, the Plaintiff also seeks to recover, under 42 U.S.C. §1988, the attorney fees and costs incurred during the course of this litigation.

110.    In an effort to prevent other similarly situated individuals from suffering the same violation of their constitutional rights, the Plaintiff further seeks to have the Court order the defendants to: 1) undergo additional training and education addressing the defendants' practice of unlawful seizure; 2) develop policies to preclude such actions in the future; and 3) implement discipline against the defendants to hold them accountable for their wrongful actions.

111.    The defendants' actions were reprehensible, willful, wanton, malicious, and/or undertaken with blatant and intentional disregard of the rights owed to the Plaintiff, thereby entitling the Plaintiff to punitive damages in an amount to be determined by the jury.

## FIFTH CAUSE OF ACTION

### (Conversion)

112.    The actions of the defendants constitutes a conversion of Plaintiff's property under West Virginia law.

113.    The actions of the defendants were not taken in good faith and were in violation of clearly established law.

114.    As a direct and proximate result of the defendants' unconstitutional actions, the Plaintiff has suffered damages and seeks to recover those damages in an amount to be determined by the jury to compensate him for:

A.    Loss of property;

B.    Loss of use of property;

C.    Any and all economic injury resulting from the defendants' conduct;

D.    Indignity, embarrassment, humiliation, annoyance, inconvenience, and degradation; and

E.    All other injuries proven by a preponderance of the evidence proximately caused by the defendants.

111.    The defendants' actions were reprehensible, willful, wanton, malicious, and/or undertaken with blatant and intentional disregard of the rights owed to the Plaintiff, thereby entitling the Plaintiff to punitive damages in an amount to be determined by the jury.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff, Alexander M. Brown, prays for the following relief:

1.    Damages set forth in his Complaint, including punitive damages in an amount to be determined by the jury;

2.    Pre-judgment interest as provided by law;

3.    Declaratory and injunctive relief

4.    Attorney fees and costs; and

5.    Such further relief as this Court may deem just and equitable.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES TRIABLE TO A JURY.

ALEXANDER M. BROWN
By Counsel

/s/ Paul L. Frampton, Jr.
Mark A. Atkinson (WVSB #184)
Paul L. Frampton, Jr. (WVSB #9340)
ATKINSON & FRAMPTON, PLLC
2306 Kanawha Blvd. E.
Charleston, WV  25311
(304) 346-5100
emboles@amplaw.com
paul@amplaw.com